FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 02, 2025

SEAN F. McAVOY, CLERK

1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FLORIDA I. SCHAAL, widow and beneficiary, and as Personal Representative of the Estate of Charles D. Schaal, | No. 2:25-CV-00221-RLP |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO REMAND |
| v. | |
| IAT INSURANCE GROUP, INC., an unauthorized foreign insurer operating in the state of Washington; TRANSGUARD INSURANCE COMPANY OF AMERICA, INC., a foreign insurer relaying on an unauthorized insured to investigate and adjust claims in the state of Washington; and JENNIFER M. SAIS, a nonresident adjustor for an unauthorized foreign insurer, | |
| Defendants. | |

19      BEFORE THE COURT is Plaintiff Florda Schaal's Motion to Remand, ECF

20  No. 6. Plaintiff is represented by Michael J. Delay. Defendants are represented by

ORDER DENYING PLAINTIFF'S MOTION TO REMAND * 1

Katrina P. Mendoza and Keith M. Liguori. The Motion was considered without

oral argument. For the reasons discussed below, Ms. Schaal's Motion to Remand is

denied.

BACKGROUND

On May 29, 2025, Plaintiff Florida Schaal, on her own behalf and as

personal representative for the estate of late husband, Charles Schaal, filed this suit

in Spokane County Superior Court. ECF No. 1-2. Ms. Schaal is a resident of

Washington. *Id*. Defendants are IAT Insurance Group, Inc. (IAT), a North Carolina

corporation, Transguard Insurance Company of America, Inc. (Transguard), an

Illinois corporation, and IAT insurance adjuster Jennifer Sais, an Illinois resident.

ECF Nos. 1 at 3-4; 1-2 at 8-9. Ms. Schaal alleges Transguard improperly denied an

accidental death claim stemming from the death of her husband. ECF No. 1-2 at

28. Ms. Schaal further alleges that Transguard improperly used IAT, which is not

licensed to do business in Washington, to investigate Mr. Schaal's death. *Id*. at 26-

27.

Ms. Schaal's Complaint asserts causes of action for breach of contract,

"negligence/bad faith," violation of the Washington Consumer Protection Act,

violation of the Washington Insurance Fair Conduct Act, Fraud and/or

Unconscionability, and estoppel and waiver. *Id*. at 39-58. She prays for at least

$1,300,000 in damages. *Id*. at 59-60.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND * 2

Defendants filed a Notice of Removal to this Court on June 23, 2025, on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

LEGAL STANDARD

Under Article III, "[t]he judicial Power shall extend" to "[c]ontroversies ... between citizens of different States." U.S. Const. Art. III, § 2. Drawing from that authorization and beginning with the Judiciary Act of 1789, Congress has continuously permitted federal district courts "to exercise jurisdiction based on the diverse citizenship of parties." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467 (1996). Under the current federal statute governing diversity jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

A defendant may remove a case originally filed in state court to federal district court, if the district court would have original jurisdiction. 28 U.S.C. § 1441(a). A plaintiff may seek remand of a removed action based on any defect in the removal, including lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "The presumption against removal means

that the defendant always has the burden of establishing that removal is proper."
*Id*. (internal quotation marks omitted).

Here, it is undisputed the parties are citizens of different states, and the amount in controversy exceeds $75,000. Thus, unless an exception applies, Defendants have demonstrated this Court has subject matter jurisdiction over the case.

## DISCUSSION

Despite the requirements of § 1332(a)(1) being met, Ms. Schaal contends the Court nevertheless lacks jurisdiction because of the operation of the McCarran-Ferguson Act, 15 U.S.C. § 1011 *et seq.* Alternatively, she asks the Court to decline to exercise jurisdiction over this case via the application of *Burford* abstention.

### 1.    *The McCarran-Ferguson Act*

In 1945 Congress passed the McCarran-Ferguson Act, 15 U.S.C. § 1011 et seq., with the intention to "give support to the existing and future state systems for regulating and taxing the business of insurance." *Prudential Ins. Co. v. Benjamin*, 328 U.S. 408, 429, 66 S. Ct. 1142 (1946). The McCarran-Ferguson Act "declar[es] expressly and affirmatively that continued state regulation and taxation of [the business of insurance] is in the public interest and that the business and all who engage in it 'shall be subject to' the laws of the several states in these respects." *Id*. at 430, 66 S. Ct. 1142.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND * 4

Section 2(b) of the McCarran-Ferguson Act provides: "No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance . . . unless such Act specifically relates to the business of insurance." 15 U.S.C. § 1012(b). Conversely, "[w]hen federal law does not directly conflict with state regulation, and when application of the federal law would not frustrate any declared state policy or interfere with a State's administrative regime, the McCarran-Ferguson Act does not preclude its application." *Humana Inc. v. Forsyth*, 525 U.S. 299, 310, 119 S. Ct. 710 (1999).

Ms. Schaal contends the federal diversity jurisdiction statute, § 1332(a)(1), conflicts with a Washington statute, RCW 48.05.215(1). Ms. Schaal argues RCW 48.05.215(1) confers exclusive jurisdiction over claims against a foreign or alien insurer who is unlicensed in Washington to Washington state courts. Therefore, the exercise of jurisdiction by this Court, as authorized by the federal diversity jurisdiction statute, conflicts with RCW 48.05.215(1)'s grant of exclusive jurisdiction and is precluded by the McCarran-Ferguson Act.

Since the passage of the McCarran-Ferguson Act in 1945, several circuit courts have had the opportunity to weigh in on its application to the federal diversity jurisdiction statute. The Tenth Circuit has held "[t]he McCarran Act serves to limit the authority of federal regulatory agencies as to practices in the

insurance business in the face of state acts and in the absence of specific federal

law, but it does not follow that there is thereby a modification of diversity

jurisdiction of the federal courts," *Atl. & Pac. Ins. Co. v. Combined Ins. Co. of

Am.*, 312 F.2d 513, 515 (10th Cir. 1962) (in text citation omitted), and that

Congress did not intend the Act to "to divest federal courts of the right to apply

state law regarding the regulation of insurers in appropriate diversity proceedings."

*Grimes v. Crown Life Ins. Co.*, 857 F.2d 699, 702 (10th Cir. 1988). Instead, "[t]he

necessary question . . . is whether operation of the diversity jurisdiction statute

actually 'invalidate[s], impair[s], or supersede[s]'" a state law regulating insurers,

as opposed to the district court simply applying state law. *Hawthorne Sav. F.S.B. v.

Reliance Ins. Co. of Illinois*, 421 F.3d 835, 843 (9th Cir. 2005) (quoting 15 U.S.C.

§ 1012(b)).

To "invalidate" a state law means "to render ineffective, generally without

providing a replacement rule or law." *Humana*, 525 U.S. at 307 (internal quotation

marks omitted). To "supersede" means "to displace (and thus render ineffective)

while providing a substitute rule." *Id*. (internal quotation marks omitted). Finally,

to "impair" means to directly conflict with a state law, to frustrate a declared state

policy, or to interfere with a state's administrative regime. *Id*. at 310.

RCW 48.05.215(1) provides:

Any foreign or alien insurer not authorized by the commissioner, whether it
be a surplus lines insurer operating under chapter 48.15 RCW or not, who,

ORDER DENYING PLAINTIFF'S MOTION TO REMAND * 6

by mail or otherwise, solicits insurance business in this state or transacts insurance business in this state as defined by RCW 48.01.060, thereby submits itself to the jurisdiction of the courts of this state in any action, suit, or proceeding instituted by or on behalf of an insured, beneficiary or the commissioner arising out of an unauthorized solicitation of insurance business.

Ms. Schaal argues this statute confers exclusive jurisdiction over cases regarding unauthorized foreign or alien insurers to Washington courts. This interpretation is contrary to the statute's plain meaning. RCW 48.05.215(1) states that unauthorized foreign or alien insurers "thereby submit[]" themselves to the jurisdiction of Washington courts in any cause of action. This language clearly concerns the reach of Washington courts' personal jurisdiction, not a grant of exclusive original jurisdiction. This is demonstrated by how RCW 48.05.215(1)'s language closely parallels the language of Washington's general long-arm statute:

> Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, **thereby submits** said person, and, if an individual, his or her personal representative, **to the jurisdiction of the courts of this state as to any cause of action** arising from the doing of any of said acts . . .

RCW 4.28.185(1) (emphasis added).

Indeed, Washington courts have never interpreted RCW 48.05.215(1) to confer exclusive original jurisdiction, but only as a long-arm statute. *See Pro. Marine Co. v. Those Certain Underwriters at Lloyd's*, 118 Wn. App. 694, 703, 77 P.3d 658 (2003); *see also Workland & Witherspoon, PLLC v. Evanston Ins. Co.*,

ORDER DENYING PLAINTIFF'S MOTION TO REMAND * 7

2015 WL 1964541, at *4 (E.D. Wash. Apr. 30, 2015) (interpreting RCW 48.05.215(1) as a long-arm statute, not a grant of exclusive jurisdiction).

For comparison, Washington statutes conferring exclusive original jurisdiction are generally explicit. *See, e.g.*, RCW 3.50.020 ("The municipal court shall have exclusive original jurisdiction over traffic infractions arising under city ordinances and exclusive original criminal jurisdiction of all violations of city ordinances"); RCW 13.04.030(1) ("Except as provided in this section, the juvenile courts in this state shall have exclusive original jurisdiction over all proceedings . . .").

Ms. Schaal cites to *Covington v. Sun Life of Canada (US) Holdings Inc.*, 2000 WL 33964592 (S.D. Ohio May 17, 2000), which she contends stands for the proposition that state jurisdictional statutes can preempt the federal diversity jurisdiction statute under the McCarran-Ferguson Act. However, the state statute at issue in *Covington*, Ohio Rev.. Code § 3903.04(E), provides "All actions authorized in sections 3903.01 to 3903.59 of the Revised Code shall be brought in the court of common pleas of Franklin county." *Id*. at *2. The Ohio statute's explicit grant of exclusive jurisdiction is very different from the simple authorization of jurisdiction provided by RCW 48.05.215(1), a long-arm statute.

As RCW 48.05.215(1) is a long-arm statute which merely authorizes the exercise of jurisdiction over unauthorized foreign or alien insurers by Washington

ORDER DENYING PLAINTIFF'S MOTION TO REMAND * 8

courts, the federal diversity jurisdiction statute does not invalidate, impair, or supersede (i.e., render ineffective, displace, or conflict with) the state statute. Nor does the federal diversity jurisdiction statute frustrate a declared state policy or interfere with Washington's administrative regime. Therefore, the McCarran-Ferguson Act does not divest the Court of subject matter jurisdiction.

### 2.    Burford *Abstention*

Alternatively, Ms. Schall contends that this Court should abstain from exercising jurisdiction over this case, as it concerns the intricate workings of Washington's insurance code and Washington has designated its courts as the proper forum to determine these issues.

"Abstention is well recognized as an extraordinary and narrow exception to the general rule that a federal court should adjudicate cases otherwise properly before it." *Blumenkron v. Multnomah County*, 91 F.4th 1303, 1311-12 (9th Cir. 2024) (internal quotation marks omitted). In *Burford v. Sun Oil Co.*, the Supreme Court recognized it is sometimes appropriate for federal courts to abstain from ruling on matters of local concern arising out of a complicated state regulatory scheme. 319 U.S. 315, 332, 63 S. Ct. 1098 (1943). "*Burford* abstention is concerned with protecting complex state administrative processes from undue federal interference." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 671 (9th Cir.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND * 9

2004) (internal quotation marks omitted). Where applicable, *Burford* abstention normally requires a court to dismiss an action. *Id*.

> In the Ninth Circuit, application of *Burford* abstention requires: (1) that the state has chosen to concentrate suits [involving the issue] in a particular court; (2) that federal issues could not be separated easily from complicated state law issues with respect to which the state courts might have special competence; and (3) that federal review might disrupt state efforts to establish a coherent policy.

*Blumenkron*, 91 F.4th at 1312 (internal quotation marks omitted); *see also Tucker v. First Maryland Sav. & Loan, Inc.*, 942 F.2d 1401, 1405 (9th Cir. 1991) (applying same three *Burford* abstention factors in insurance context).[1]

Here, the first and third elements to apply *Burford* abstention are not met. First, Washington has not chosen to concentrate suits involving the insurance code to a particular court. Ms. Schaal's argument to the contrary is based on her previously rejected theory that RCW 48.05.215(1) confers exclusive jurisdiction over cases regarding unauthorized foreign or alien insurers. Washington law does

---

[1] The parties cite to a four-part test developed in the Tenth Circuit which is more specifically tailored to *Burford* abstention in the context of insurance cases. *See Melahn v. Pennock Ins., Inc.*, 965 F.2d 1497, 1504 (8th Cir. 1992) (quoting *Grimes*, 857 F.2d at 704-705). This test does not appear to be adopted by the Ninth Circuit.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND * 10

not mandate cases involving unauthorized foreign or alien insurers, or cases applying Washington insurance law generally, be litigated in Washington courts.

While the second factor is met, as there are no federal issues to separate in this matter, the third factor is not. Ms. Schaal claims this case involves unusual and novel issues related to IAT's unlicensed status in Washington, but a review of her Complaint does not show any particularly complicated issues of Washington insurance law which require this Court's interpretation. Instead, this case only presents relatively straightforward issues of applying Washington insurance law. It is not clear how the Court's retention of the case would disrupt Washington's efforts to establish a coherent insurance policy.

As the first and third elements to apply *Burford* abstention are not met, and the McCarran-Ferguson Act does divest the Court of subject matter jurisdiction, the Court denies Ms. Schaal's motion to remand. As Defendants had an objectively reasonable basis to remove this case, i.e. diversity jurisdiction, Ms. Schaal's request for attorney fees and costs is likewise denied. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704 (2005).

**ACCORDINGLY, IT IS ORDERED:**

1.      Plaintiff's Motion to Remand, **ECF No. 6**, is **DENIED**.

//

ORDER DENYING PLAINTIFF'S MOTION TO REMAND * 11

1    The District Court Executive is hereby directed to enter this Order and

2    furnish copies to all counsel.

3    **DATED** September 2, 2025.

4

5                        REBECCA L. PENNELL
                      UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER DENYING PLAINTIFF'S MOTION TO REMAND * 12