FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 13, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FLORIDA I. SCHAAL, widow and Beneficiary, and as Personal Representative of the Estate of Charles D. Schaal,<br><br>        Plaintiff,<br><br>        v.<br><br>IAT INSURANCE GROUP, INC., a foreign corporation; TRANSGUARD INSURANCE COMPANY OF AMERICA, INC., a foreign insurance company; and JENNIFER M. SAIS, an individual,<br><br>        Defendants. | No. 2:25-CV-00221-RLP<br><br>**ORDER ON MOTIONS TO DISMISS, COMPEL, AMEND, AND FOR EXCESS PAGES** |

Before the Court are Defendants' Partial Motion to Dismiss (ECF No. 21),

Plaintiff's Motion to Compel (ECF No. 23), Plaintiff's Motion to Amend

Complaint (ECF No. 24), and Plaintiff's Motion for Leave to File Excess Pages for

all Motions (ECF No. 31). Plaintiff is represented by Michael J. Delay. Defendants

are represented by Katrina P. Mendoza and Keith M. Liguori. The motions were

ORDER ON MOTIONS ~ 1

considered without oral argument. For the reasons set forth below the Court grants Defendants' Partial Motion to Dismiss, and denies Plaintiff's Motion to Compel, Motion to Amend Complaint, and Motion for Leave to File Excess Pages.

## FACTS/BACKGROUND

On May 29, 2025, Plaintiff Florida Schaal, on her own behalf and as personal representative for the estate of late husband, Charles Schaal, filed this suit in Spokane County Superior Court. ECF No. 1-2. Defendants are IAT Insurance Group, Inc. (IAT), a North Carolina corporation, Transguard Insurance Company of America, Inc. (TransGuard), an Illinois corporation, and IAT insurance adjuster Jennifer Sais, an Illinois resident. ECF Nos. 1 at 3-4; 1-2 at 8-9.

Ms. Schaal alleges that TransGuard issued her deceased husband, a commercial trucker, an accidental death insurance policy. ECF No. 1-2 at 13-14. On June 29, 2024, Mr. Schaal was found lying dead outside his truck under unknown circumstances. *Id*. at 18-20. Ms. Schaal subsequently made an insurance claim on Mr. Schaal's policy. *Id*. at 25.

TransGuard assigned IAT to investigate Ms. Schaal's claim. An employee adjuster named Miriam Carrion was assigned to the case. After investigation, IAT determined Ms. Schaal's claim was excluded from coverage as Mr. Schaal had a blood alcohol level in excess of the legal driving limit at the time of his death. *Id*. at 27-28. As a consequence, TransGuard denied Ms. Schaal's claim. *Id*. at 28.

Ms. Schaal disputed TransGuard's decision. On February 19, 2025, Ms. Schaal mailed a Washington Insurance Fair Conduct Act (IFCA) pre-suit notice to IAT, TransGuard, and the Washington Office of the Insurance Commissioner. *Id*. at 32.

After receiving the IFCA notice letter, IAT assigned a new employee—Defendant Jennifer Sais—to handle Ms. Schaal's claim. *Id*. at 32-33. In February, 2025, Ms. Sais wrote Ms. Schaal to inform her that her claim fell under the non-occupational accident benefits provision of Mr. Schaal's policy, because he was off-duty at the time of his death. *Id*. at 33-34. Ms. Sais subsequently sent Ms. Schaal a letter offering her a $25,000 non-occupational death benefit. Ms. Schaal did not agree to this offer.

Ms. Schaal asserts the following claims against TransGuard:

- Breach of Contract for failure to pay benefits due, violation of insurance statutes and regulations, failure to investigate and adjust her claim in good faith, placing its interests before hers, and denying her claim based on the alcohol exclusion without evidence. *Id*. at 39-41.

- Negligence/Bad Faith for breaching its duty to act in good faith, not giving equal consideration to her interests, negligent claims handling by allowing IAT, an unauthorized insurer, and nonresident adjusters to handle her claim, and unreasonably denying coverage. *Id*. at 41-43.

- Violation of Washington's Consumer Protection Act (CPA) for various violations of the Washington Administrative Code, including misrepresentation of facts, failing to act reasonably in response to communication about the claim, failing to adopt reasonable standards for investigating claims or processing and paying claims, refusing to pay claims, failing to provide a reasonable explanation for the basis of denial of a claim, and failure to timely complete investigation of her claim. *Id*. at 43-45

- Violation of the Insurance Fair Conduct Act (IFCA) for the above violations of the Washington Administrative Code, failure to pay benefits due, and unreasonable denial of her claim. *Id*. at 45-46.

- Fraud/Unconscionability for its intentional misrepresentations about the alcohol exclusion and switch to the non-occupational benefits provision. *Id*. at 46-48.

- Estoppel from denying coverage/waiver of rights under the policy due to violations of the insurance code, Title 48 RCW, specifically using an unauthorized insurer, IAT, and nonresident unlicensed adjusters to transact insurance in Washington. *Id*. at 48.

Ms. Schaal asserts the following claims against IAT:

- Breach of Contract for violation of Washington insurance statutes and regulations, breach of duty to act reasonably in the investigation and adjustment of Ms. Schaal's claim, breach of duty to act in good faith and assist her claim, denial

ORDER ON MOTIONS ~ 4

of the policy under the alcohol exclusion, and failure to pay benefits due. *Id*. at 48-50.

- Negligence/Bad Faith for dishonest communications with Ms. Schaal, failing to give equal consideration to her interests, transacting the business of insurance in Washington without a Certificate of Authority and using nonresident adjusters not licensed in Washington, negligent claims handling and misrepresentations, and wrongly denying her claim. *Id*. at 50-51.

- Violation of the CPA for various violations of the Washington Administrative Code, including misrepresentation of facts, failing to act reasonably in response to communication about the claim, failing to adopt reasonable standards for investigating claims or processing and paying claims, refusing to pay claims, failing to provide a reasonable explanation for the basis of denial of a claim, and failure to timely complete investigation of her claim.

- Violation of the IFCA for the above violations of the Washington Administrative Code, failure to pay benefits due, and unreasonable denial of her claim. *Id*. at 54-55.

- Fraud/Unconscionability for its misrepresentations about the alcohol exclusion and switch to the non-occupational benefits provision. *Id*. at 55-56.

- Estoppel from denying coverage/waiver of rights under the policy due to violations of the insurance code, Title 48 RCW, specifically using an

ORDER ON MOTIONS ~ 5

unauthorized insurer, IAT, and nonresident unlicensed adjusters to transact insurance in Washington. *Id*. at 56.

Ms. Schaal asserts the following claims against Ms. Sais:

- Negligence/Bad Faith for violation of her duty to act in good faith, with honesty, timely respond to Ms. Schaal, and to provide requested documents, failure to exercise reasonable care when handling her claim, failure to exercise reasonable care when investigating and adjusting a claim in Washington without a license under an unauthorized insurer. *Id*. at 56-57.

- Violation of the CPA for misrepresentations made during the adjusting of the claim. *Id*. at 57-58.

- Fraud/Unconscionability for unspecified intentional misconduct. *Id*. at 58.

Ms. Schaal asserts Defendants' conduct resulted in unspecified physical and emotional injuries, and economic and non-economic damages. *Id*. at 41-58.

ANALYSIS

*1. Defendants' Partial Motion to Dismiss*

Rule 12(b)(6) allows a party to move for dismissal if the plaintiff has failed to state a claim upon which relief can be granted. FRCP 12(b)(6). Dismissal under this rule is only proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015); *Balistreri v. Pacifica Police Dep't*, 901

ORDER ON MOTIONS ~ 6

F.2d 696, 699 (9thCir. 1990). When considering a 12(b)(6) motion, the court accepts the allegations in the complaint as true and construes the pleading in the light most favorable to the party opposing the motion. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).[1]

Defendants seek dismissal of the following claims: (1) Ms. Schaal's claims arising out of IAT's lack of a certificate of authority (COA) to solicit or sell insurance in Washington; (2) Ms. Schaal's claims arising out of Ms. Sais's lack of a Washington adjuster's license; and (3) Ms. Schaal's claims arising from allegations related to Defendants' conduct after Ms. Schaal submitted her IFCA notice. Related to these requests for dismissal, Defendants also request the Court (1) dismiss Jennifer Sais, there being no viable claim against her; and (2) amend the caption to remove Ms. Schaal's accusations, allegations, and legal conclusions inserted within the descriptions of Defendants.

---

[1] Ms. Schaal requests that the Court treat Defendants' motion as one for summary judgment due to Defendants' alleged dishonesty in the case. While there is no specific rule permitting a FRCP 12 motion to dismiss to be converted to a FRCP 56 motion for summary judgment due to "dishonesty," FRCP 11(c) allows the Court latitude to craft an appropriate sanction to deter inappropriate conduct. Regardless of whether the Court could appropriately convert the motion as a sanction, Ms. Schaal fails to demonstrate sanctionable conduct by Defendants.

ORDER ON MOTIONS ~ 7

### a. Claims arising out of IAT's lack of a COA

Ms. Schaal alleges IAT is transacting the business of insurance in Washington without a COA as required by RCW 48.05.030. IAT does not deny that it lacks a COA. But IAT argues it is not required to have a COA because a COA is only necessary to sell insurance, not to investigate and adjust claims. *See* RCW 48.05.030 (COA required for insurance transactions); RCW 48.01.060 (defining "insurance transactions"). The insurance policy here was sold by TransGuard, which holds a valid COA. Because IAT was merely involved in the investigation and adjustment of claims, no COA was required.[2] Alternatively, IAT

_____

[2] On February 10, 2026, Defendants filed Supplemental Authority in Support of its Motion to Dismiss and Opposition to Plaintiff's Motion for Leave to Amend. ECF No. 36. Defendants attached a recent published opinion from the Washington Court of Appeals, Division Three, which they assert is relevant because it "articulates the proper definition of insurer for the Court to consider when evaluating an allegation that an entity is unlawfully transacting insurance business without a certificate of authorization[.]" *Id*. at 2; citing *Zion Healthshare, Inc. v. Office of the Insurance Commissioner, et al.*, No. 40454-4-III, __ Wn. App. 2d __, __ P.3d __ (Wash. App. Feb. 5, 2026). Defendants note that the state appellate court clarified, "Subject to exceptions, an 'insurer' is 'every person engaged in the business of making contracts of insurance.' RCW 48.01.050." *Id*.

ORDER ON MOTIONS ~ 8

1   argues Ms. Schaal's claims regarding the lack of COA must be dismissed because

2   Ms. Schaal has not alleged any injury resulting from IAT's purported statutory

3   violation.

4        Ms. Schaal's response briefing largely fails to address IAT's arguments.

5   Rather than wrestle with the applicable statutory language, Ms. Schaal's briefing

6   makes a series of factual claims against IAT. She also accuses IAT of "fraud and

7   felonies." ECF No. 22 at 18. The tone taken in Ms. Schaal's briefing is distracting

8   and unprofessional. The lack of reasoning is also unhelpful. Given the state of the

9   briefing, it is unclear to the Court whether IAT was required to hold a COA under

10  Washington law. But this does not matter for present purposes because, as argued

11  by IAT, Ms. Schaal has not demonstrated she has a cause of action based on this

12  alleged violation.

13       A fundamental principle of standing to sue is causation. A plaintiff must

14  suffer concrete harm as a result of a defendant's statutory violation in order to sue

15  based on the violation. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021).

16  "No concrete harm, no standing." *Id*. at 417. Ms. Schaal's complaint fails to

17  plausibly show how IAT's lack of a COA caused her any sort of concrete harm or

18  injury. Conclusory allegations of causation are insufficient. *See Leer v. Murphy*,

19

20

844 F.2d 628, 633 (9th Cir. 1998). The Court therefore agrees with IAT that Ms.

Schaal's claims stemming from IAT's lack of a COA must be dismissed.[3]

### b. Claims arising out of Ms. Sais's lack of state license

Similar to her claim against IAT, Ms. Schaal argues Jennifer Sais violated

RCW 48.17.060(2) by failing to carry an insurance adjuster's license. Again, IAT

argues no license was required and, alternatively, IAT argues Ms. Schaal has not

shown causation. The Court agrees with IAT that, as an individual employee, Ms.

Sais was not required to hold her own adjuster's license. *See* RCW 48.17.010(1).

And even if Ms. Sais was required to hold an individual license, Ms. Schaal has

not alleged any sort of injury arising from this purported violation. Accordingly,

Ms. Schaal's claims against Ms. Sais stemming from the lack of license must be

dismissed.

### c. Claims arising from conduct after the IFCA notice

Defendants argue that by submitting her IFCA notice, Ms. Schaal initiated

the litigation process. And, according to Defendants, there can be no claim for bad

faith denial of insurance benefits based on conduct occurring during litigation.

---

[3] This is not to say evidence of IAT's purported regulatory violation might
not be relevant to prove bad faith or Ms. Schaal's other substantive claims. That is
a separate matter, not at issue here.

The Court has read and re-read Ms. Schaal's briefing. There does not appear to be any attempt to rebut Defendants' arguments on this point. This is not a case where Defendants' arguments are facially meritless. Defendants cite case law indicating a bad faith claim cannot be lodged against an insurer based on conduct occurring after filing of suit. *See, e.g., Vorhees v. Esurance Ins. Servs., Inc.*, 2:23-CV-00420-RAJ, 2024 WL 3069977 (W.D. Wash. June 20, 2024), *aff'd*, No. 24-4512, 2025 WL 1682180 (9th Cir. June 16, 2025). Yet Ms. Schaal completely ignores Defendants' arguments. It is not the Court's role to discern what arguments Ms. Schaal might make had her counsel provided appropriate briefing. "Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Our case law is clear that a party's failure to respond to an argument on the merits can constitute abandonment or a concession. *See Ramirez v. Ghilotti Bros., Inc.*, 941 F. Supp. 2d 1197, 1210 & n.7 (N.D. Cal. collecting cases). Here, the Court deems Ms. Schaal's failure to respond to IAT's arguments abandonment and therefore grants Defendants' motion to dismiss claims based on post-IFCA notice.[4]

---

[4] This is not to say evidence of Defendants' conduct after Ms. Schaal submitted her IFCA notice might not be relevant to prove bad faith or Ms. Schaal's other substantive claims. That is a separate matter, not at issue here.

ORDER ON MOTIONS ~ 11

### d. Impact of partial dismissal

Based on the foregoing, all claims against Jennifer Sais have been dismissed. Therefore, the Court agrees with Defendants that Ms. Sais should be removed from the case caption. In addition, the Court grants Defendants' request to amend the case caption to exclude argumentative descriptors of party names. Were this case to go before a jury, the case caption could be interpreted by the jury as a judicial comment on the merits of Ms. Schaal's case. In all future filings, the captions in this case shall be consistent with the caption used in this Order.[5]

## 2. Plaintiff's Motion to Compel

### Plaintiff's Requested Discovery

Ms. Schaal has filed a motion to compel, arguing that Defendants have failed to provide complete and unredacted response to discovery requests. Specifically, Ms. Schaal seeks an order compelling Defendants to produce the entire unredacted claims file (RFP No. 4 to TransGuard; RFP No. 3 to IAT),

---

[5] Ms. Schaal requests the Court impose sanctions upon Defendants under Rule 11, as she alleges litigation positions Defendants take in their motion contradict previous filings in the case. However, Ms. Schaal is unable to convincingly demonstrate improper conduct by Defendants. Ms. Schaal is cautioned that future allegations of sanctionable conduct without an adequate legal or factual basis will expose her to potential Rule 11 sanctions.

ORDER ON MOTIONS ~ 12

insurance claims handling manuals (RFP No. 11 to TransGuard; RFP No. 8 to IAT), claims handling steps and the steps completed by Defendants before denying Ms. Schaal's claim (RFP No. 7 and ROG Nos. 10-11 to Ms. Sais), a COA for IAT (RFP No. 1 to IAT), and copies of Ms. Sais's licenses and applications for licenses (RFP Nos. 1-3 to Ms. Sais). ECF No. 23 at 2.

Ms. Schaal's motion to compel is denied without prejudice. With respect to redacted materials, defendants have provided a privilege log which Ms. Schaal has not yet had the opportunity to review. Given this circumstance, an order compelling discovery on redacted materials is premature.

With respect to Ms. Schaal's complaints as to incomplete responses, the Court is satisfied that Defendants have provided all disclosable information. Specifically, with respect to RFP No. 11 to TransGuard, seeking copies of insurance claims handling manuals and standards, TransGuard has explained that IAT employs the claims adjustors, not TransGuard. In response to the identical request to IAT at RFP No. 8, IAT answered that it has no responsive materials. At RFP No. 1 to IAT, Ms. Schaal seeks production of IAT's COA for any state, including the state of Washington. IAT has responded that it does not have a COA. RFP Nos. 1-3 to Ms. Sais request copies of her adjuster's applications and licenses in any state. This Court's order on Defendants' motion to dismiss renders these requests irrelevant. Ms. Schaal also asks the Court to compel responses to RFP No. 7 and ROG Nos. 10 and 11 to Ms. Sais, which seek company manuals, guidelines,

and policies, and steps taken by Ms. Sais in processing Ms. Schaal's claim. Defendants have produced the requested materials.

### a. Defendants' Request for Costs and Fees

Defendants seek costs and fees because Ms. Schaal did not comply with the requirement under FRCP 37 that the parties meet and confer prior to filing a motion to compel. This District's Local Civil Rules and the FRCP both require parties to meet and confer in good faith, or attempt to meet and confer, prior to filing a motion to compel discovery responses. *See* LCvR 37, Fed. R. Civ. P. 37(a)(1). FRCP 37(a)(5) mandates the payment of reasonable expenses, including attorney fees, from the unsuccessful party to a motion to compel, except in narrow circumstances. Fed. R. Civ. P. 37(a)(5). The Court must give the unsuccessful party an opportunity to be heard. *Id*.

The Ninth Circuit has made clear that "the opportunity to submit briefs" satisfies the "opportunity to be heard" requirement. *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164–65 (9th Cir. 2003) (holding that, because the Rule 37 sanctions issues to be resolved were such that an evidentiary hearing would not have aided the decision-making process, district court did not abuse its discretion by ruling on the briefing); *see also Pac. Harbor Cap., Inc. v. Carnival Airlines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ("an opportunity to be heard does not require an oral or evidentiary hearing on the issue." (citations omitted)).

Therefore, the Court will order Plaintiff to show cause in writing, within fourteen days of the date of this Order, why she should not be required to pay Defendants' costs and fees for failure to fulfill the requirement to meet and confer prior to filing the motion to compel.

*3. Plaintiff's Motion to Amend*

Ms. Schaal seeks to amend her complaint to add a new defendant, Mariam Carrion. Her proposed Amended Complaint adds facts supporting allegations of fraud and statutory violations. Ms. Schaal also asserts new causes of action for civil conspiracy and punitive damages. Defendants argue the Court should deny Ms. Schaal's motion, without prejudice, because many of the claims set forth in the proposed Amended Complaint suffer from the same flaws set forth in Defendants' motion to dismiss.

The Court agrees with Defendants' analysis. Ms. Schaal's proposed Amended Complaint contains the same legal errors addressed in this Order. Should Ms. Schaal seek to file an Amended Complaint that is consistent with the terms of this Order, the Court will consider granting leave to do so. However, at this point, Ms. Schaal's motion to amend is denied.

*4. Plaintiff's Motion for Leave to File Excess Pages for all Motions*

Ms. Schaal has filed a motion for leave to file overlength briefs regarding all future motions filed in this matter. According to Ms. Schaal, overlength briefs will be necessary to address "the number of defendants and volume of alleged

ORDER ON MOTIONS ~ 15

misconduct, discovery, etc." ECF No. 31 at 2. Defendants oppose Ms. Schaal's request.

The Court denies Ms. Schaal's request for overlength briefing. In the Court's experience, overlength briefs are generally unhelpful. If a claim is meritorious, it can be addressed in a short and concise manner. The Court cannot imagine any type of case that would warrant advance permission for filing overlength briefs. This case does not merit this type of exceptional treatment. Plaintiff's request is therefore **DENIED**.

The Court not only denies counsel's request to file overlength briefs, the Court cautions Ms. Schaal's counsel to reflect on the Civility Code (LivR 83.1(j)) and the rules of professional conduct when submitting materials to this Court. Accusations of fraud and felonious conduct should not be thrown around lightly. Bald allegations of wrongdoing are distracting, unprofessional, and unconvincing. They may also generate CR11 sanctions. If counsel believes an opposing party has engaged in wrongdoing, they should be able to support this position with neutrally-worded arguments and citations to authority.

## CONCLUSION

ACCORDINGLY, **IT IS HEREBY ORDERED**:

1. Defendants' Partial Motion to Dismiss, **ECF No. 21**, is **GRANTED**.

2. Jennifer Sais is **TERMINATED** from this action.

ORDER ON MOTIONS ~ 16

3.  Defendants' request to amend the case caption to exclude argumentative descriptors of party names is **GRANTED**.

    a.  The District Court Clerk shall **update the case docket** to mirror the caption in this Order.

    b.  In all future filings, the captions in this case shall be consistent with the caption used in this Order.

4.  Plaintiff's request to convert Defendants' motion to dismiss to a summary judgment motion is **DENIED**.

5.  Plaintiff's request for the Court to impose Rule 11 sanctions on Defendants is **DENIED**.

6.  Plaintiff's Motion to Compel, **ECF No. 23**, is **DENIED without prejudice**.

7.  Plaintiff's Motion to Amend Complaint, **ECF No. 24**, is **DENIED without prejudice**.

8.  Plaintiff's Motion for Leave to File Excess Pages for all Motions, **ECF No. 31**, is **DENIED without prejudice**.

9.  Within **fourteen (14) days** of the date of this Order, Plaintiff shall show cause, in writing, why she should not be sanctioned for failure to fulfill the requirement to meet and confer before filing a motion to compel.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, **TERMINATE** Jennifer Sais from this action, **update the case docket** to mirror the caption in this Order, and provide copies to counsel.

DATED February 13, 2026.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE